GENARO BARRERAS, Plaintiff and Appellant, *v.* MARÍA RÍOS DE RUBIO, Defendant and Appellee.

No. 4006. Argued December 9, 1926.—Decided December 23, 1926.

*Eugenio Font* for the plaintiff. *Arturo O'Neill* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Plaintiff, a physician and surgeon, brought this action to recover from the defendant the sum of $500 for professional services rendered to her grandson Gilberto Gill who had suffered a fracture of the left femur.

He alleged in the complaint that he was called by the

defendant to attend the boy Gilberto, she becoming responsible for the payment of his services.

Defendant denied this essential allegation of the complaint and after considering the evidence the trial court dismissed the complaint.

The opinion delivered by the court below reads in part as follows:

"We have considered carefully the pleadings and the evidence submitted. The oral evidence was so conflicting that it would have been very difficult to determine therefrom the truth as to the facts. But a letter written by the plaintiff to the mother of the boy was introduced in evidence. It reads as follows:

" 'Oct. 21, '22. Mrs. Marina Rubio, San Juan Moderno, Santurce, P. R. Dear Madam:—I received your letter this morning and must first tell you that I sent to your mother the bill for my professional services in the case of your son, because I was informed that it was your mother who would pay the expenses; and this was confirmed by the fact that your mother paid for the radiographs taken in that case . . . .

(Sgd.) Genaro Barreras.'

"This admission by the plaintiff was not satisfactorily explained to the court. It clearly destroys all the evidence brought by him as to the manner in which the defendant bound herself."

We have considered carefully the evidence and the findings of the court below are sustained thereby. The jurisprudence of this Supreme Court is repeated and uniform in the sense that when the evidence is conflicting and the trial court adjusts it, its judgment will not be reversed unless it be shown that there was manifest error, passion, prejudice or partiality on the part of the trial judge.

Appellant, however, insists that the trial judge erred in his consideration of the letter on which he based his adjustment of the conflict in the evidence. It is alleged that in wording his letter to the mother of the injured boy the plaintiff committed an error in that paragraph which says "because I was informed that it was your mother who would pay the expenses," and that he meant to say "because I

was informed *by* your mother, etc.," mistaking the pronoun "that" for the preposition "by" and therefore meant to say that the defendant informed him personally that she bound or made herself responsible for the payment of his professional services. That explanation by the plaintiff in his testimony is too frivolous to be considered seriously. An ordinary knowledge of the grammatical meaning of the two words is sufficient to demonstrate the impossibility of mistaking them, and especially if we consider the general meaning of the letter taken as a whole. If the plaintiff meant that he spoke to the defendant in person and that she assumed the obligation to pay, the use in the letter of the word "informed" could not be explained. This would have been another slip, and it all shows that the letter must be interpreted literally, that is to say, that it was not true as inferred therefrom that the defendant had told the plaintiff that she would become responsible for the payment of his fees.

The judgment appealed from must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.